IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NATHAN D. BENNETT,<br><br>Plaintiff,<br><br>v.<br><br>SCOUTING AMERICA ALOHA COUNCIL #104; SCOUTING AMERICA,<br><br>Defendants. | CIV. NO. 24-00409 JMS-RT<br><br>ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, ECF NO. 2, AND (2) DISMISSING COMPLAINT, ECF NO. 1, WITH PREJUDICE |

## ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING COMPLAINT, ECF NO. 1, WITH PREJUDICE

On September 20, 2024, pro se Plaintiff Nathan D. Bennett ("Plaintiff") filed a Complaint against Scouting America Aloha Council #104 and "Scouting America previously Boy Scouts of America" ("Defendants"). ECF No. 1. He alleges an action under an assortment of statutes and constitutional provisions, including the False Claims Act, 31 U.S.C. § 3729 ("FCA"). ECF No. 1 at PageID.3. That same day, Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). ECF No. 2.

This action arises from the same general dispute—including appearing to repeat the same so-called "qui tam" claim—that Plaintiff raised in two previous cases in the District of Hawaii. *See Bennett v. Boy Scouts of America Aloha Council #104*

*et al.*, Civ. No. 24-00213 LEK-KJM ("*Bennett I*"), 2024 WL 3925297 (dismissing two versions of a complaint for failure to state a claim); *Bennett v. Boy Scouts of America Aloha Council #104 et al.*, Civ. No. 24-00384 JMS-WRP ("*Bennett II*") at ECF No. 10 (dismissing complaint for, among other reasons, a lack of subject matter jurisdiction and as precluded by *Bennett I*).

 As in *Bennett II,* this court lacks subject matter jurisdiction. *See, e.g.*, *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (reiterating that a court may dismiss a federal question claim for lack of subject matter jurisdiction if "such a claim is wholly insubstantial and frivolous") (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 & n.10 (2006) ("A plaintiff properly invokes [federal question] jurisdiction when she pleads a *colorable claim* 'arising under' the Constitution or laws of the United States.") (*citing Bell*, 327 U.S. at 681–685) (emphasis added).

 Accordingly, the court GRANTS the IFP Application and DISMISSES the Complaint without leave to amend.

## II.  IFP APPLICATION

 Federal courts may authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that includes a statement of all assets the person possesses, demonstrating that he is unable to pay such costs or give such security. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay

the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

When reviewing a motion pursuant to § 1915(a), the court must determine whether the plaintiff has alleged poverty "with some particularity, definiteness and certainty." *Id.* (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). Although § 1915(a) does not require a litigant to demonstrate "absolute[] destitut[ion]," *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

The court has reviewed Plaintiff's IFP Application and determines that he has made the required showing under 28 U.S.C. § 1915(a) to proceed in forma pauperis (i.e., without prepayment of fees). The court, thus, grants Plaintiff's IFP Application.

### III.  STATUTORY SCREENING

The court must screen each civil action commenced under 28 U.S.C. § 1915(a) and order the dismissal of any complaint that is "frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (stating that § 1915(e) "not only permits but requires" the court to dismiss sua sponte an IFP

complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint and resolves all doubts in Plaintiff's favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam).

Courts must also sua sponte consider and raise subject matter jurisdiction, or lack thereof. *See HayDay Farms, Inc. v. FeeDx Holdings, Inc*., 55 F.4th 1232, 1238 (9th Cir. 2022) (citing *In re Ryther*, 799 F.2d 1412, 1414 (9th Cir. 1986)).

## IV.  **DISCUSSION**

### A.    **Background**

This is Plaintiff's third suit against Defendants in the District Court of Hawaii.  In *Bennett I*, Plaintiff filed suit on May 8, 2024, alleging that Defendants harassed him and then terminated his employment in retaliation for whistleblowing under qui tam provisions of the FCA.  *Bennett I*, ECF No. 1.  After that complaint was dismissed with leave to amend, Plaintiff filed an amended complaint raising discrimination-related claims.  *Id.*, ECF No. 15.  On August 23, 2024, Judge Leslie E.

Kobayashi dismissed *Bennett I* with prejudice for failure to state a plausible claim for relief.  *See Bennett I*, ECF No. 22 at PageID.237.

On September 10, 2024, Bennett filed another complaint against the same Defendants—again, alleging a qui tam action under the FCA.  *Bennett II*, ECF No. 1.[1]  On October 9, 2024, this court ordered Bennett to show cause why his action should not be dismissed for lack of subject matter jurisdiction and as barred by claim preclusion.  *Bennett II*, ECF No. 7.  When he could not, this court dismissed that action on October 24, 2024.  *Bennett II*, ECF No. 10.  After Bennett filed an appeal to the Ninth Circuit, the court certified the appeal as frivolous on November 6, 2024.  *Bennett II*, ECF No. 17.  Meanwhile, Plaintiff filed this *third* action (Civ. No. 24-00409 JMS-RT) on September 20, 2024.  ECF No. 1.

**B.    Analysis**

As in *Bennett II*, the court has no subject matter jurisdiction.  Initially, there is no jurisdiction based on diversity, because Plaintiff and at least one of the

---

[1]  Although Plaintiff names Defendants as "Scouting America Aloha Council # 104" and "Scouting America," ECF No. 1 at PageID.2, it is obvious that these are the same Defendants ("Boy Scouts of America Aloha Council # 104" and "Boy Scouts of America") as in *Bennett I* and *Bennett II*.  They are alleged to have the same mailing and email addresses.  *See id.*; *Bennett I*, ECF No. 15 at PageID.93; *Bennett II*, ECF No. 1 at PageID.2; *see also Boy Scouts of America to Become Scouting America*, Boy Scouts of Am., (May 7, 2024), https://www.scoutingnewsroom.org/press-releases/boy-scouts-of-america-to-become-scouting-america/ [https://perma.cc/7M67-J58D].

Defendants appear to be citizens of the State of Hawaii.[2]  *See* ECF No. 1 at PageID.2;
28 U.S.C. § 1332(a)(1); *Demarest v. HSBC Bank USA, N.A. as Tr. for registered
holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-
HE2*, 920 F.3d 1223, 1226 (9th Cir. 2019).  As to federal question jurisdiction, the
Complaint invokes (1) "qui tam in process"; (2) numerous federal statutes; and (3)
numerous constitutional amendments.  *See* ECF No. 1 at PageID.3.  But all these
purported bases for jurisdiction are "wholly insubstantial and frivolous" and thus
provide no basis for jurisdiction.  *Leeson*, 671 F.3d at 975; *see also Bell*, 327 U.S. at
682–83.

First, Plaintiff fails to state a claim under the qui tam statute for the same
reasons as in *Bennett II*.  Plaintiff, a pro se relator, cannot "prosecute a qui tam action
on behalf of the United States," *Stoner v. Santa Clara Cnty Off. of Educ.*, 502 F.3d
1116, 1127 (9th Cir. 2007), against Defendants.  Thus, his qui tam claim plainly
fails.[3]

---

[2]  Plaintiff did not check the "diversity of citizenship" box on his form Complaint, ECF No. 1 at PageID.3.

[3]  Plaintiff's suit is also likely precluded by *Bennett I*.  Plaintiff has attached a "Statement of Claim" and several exhibits to his Complaint—some of which duplicate exhibits previously reviewed by the court in *Bennett II*—but none of Plaintiff's submissions indicate that the qui tam claim at issue differs from the ones previously litigated in *Bennett I* or *Bennett II*.  *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (holding no abuse of discretion where a district court dismisses under § 1915(d) a complaint "that merely repeats pending or previously litigated claims") (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)).  *Compare Bennett II,* ECF No. 8 (Response to Order to Show Cause) at PageID.146–173, *with* ECF No. 1 at PageID.7–20, 41–46, 57–59, 62 (duplicate filings in *Bennett II* and this case).  *See generally* ECF No. 1 (containing no explanation of how the instant qui tam claim is different from previous cases).

Next, as in *Bennett II*, Plaintiff sets forth a list of criminal statutes as a basis for federal question jurisdiction.  Other than the qui tam statute, 31 U.S.C. § 3729, only 18 U.S.C. §§ 286 and 287 and are legible.  ECF No. 1 at PageID.3. Plaintiff has not demonstrated that these criminal provisions provide a private cause of action.  *See Abcarion v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2000) (stating that "[t]he Supreme Court noted that it 'has rarely implied a private right of action under a criminal statute'" (quoting *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979))); *see also Crosby v. Soc. Sec. Admin.*, 2023 WL 5614951 at *2 (D.N.H. Aug. 14, 2023) (finding no private cause of action under 18 U.S.C. § 286); *Lamb v. Fed. Bureau of Investigation*, 2023 WL 4178015, at *2 (D.N.M. June 26, 2023) (finding no private cause of action under 18 U.S.C. § 287).

Third and finally, Plaintiff lists a number of amendments to the constitution (the First, Fourth, Fifth, Seventh, Eighth, Ninth, and Thirteenth) as an apparent basis for federal question jurisdiction.  ECF No. 1 at PageID.3.  "Section 1983 is the vehicle by which to present claims for constitutional violations." *De-Amor v. Simon*, 2021 WL 5122353, at *2 n.1 (D. Haw. Nov. 3, 2021) (citing *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004)).  Plaintiff did not mention 42 U.S.C. § 1983 in his Complaint—but even if he intended to make a claim under that statute, neither Defendant is a governmental organization, and Plaintiff does not allege that either Defendant acted under color of state law.  *See* 42 U.S.C. § 1983 (providing a right of action against persons acting under color of state

law who cause a deprivation of constitutional rights); *Schult v. Boy Scouts of America,* 2021 WL 2932661, at *3 (D. Nev. June 21, 2021) (finding no § 1983 action against Boy Scouts of America, "a private party"), *report and recommendation adopted sub nom Schult v. Boy Scouts of Am.*, 2021 WL 2920611 (D. Nev. July 12, 2021); *Stewart v. Boy Scouts of Am.*, 2020 WL 6801925, at *2 (D. Md. Nov. 19, 2020) (stating that plaintiff "has not provided any facts giving rise to an inference that the Boy Scouts of America acted under color of law"); *Balsley v. Boy Scouts of America*, 2015 WL 5385087, at *2 (S.D. Ohio Sept. 14, 2015) (stating that "Boy Scouts of America is not a state actor"); *Adams ex rel. Harris v. Boy Scouts of Am.-Chickasaw Council*, 271 F.3d 769, 778 (8th Cir. 2001) (stating that the Boy Scouts Chickasaw Council was not acting under color of state law).  Plaintiff's purported constitutional claims are wholly insubstantial and frivolous.

Therefore, because there is no diversity jurisdiction, and because the claims asserted under the statutes and constitutional amendments Plaintiff has cited are "wholly insubstantial and frivolous," the court lacks subject matter jurisdiction.[4] *Leeson*, 671 F.3d at 975.  Because Plaintiff has already had at least two bites at this

---

[4] Even if the court had subject matter jurisdiction, the court would still dismiss.  Because all of Plaintiff's claims are "frivolous" or "fail[] to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B) requires their dismissal.  *See Lopez*, 203 F.3d at 1127 (stating that § 1915(e) "not only permits but requires" the court to dismiss sua sponte an IFP complaint that fails to state a claim).

apple, further amendment would be futile.  *See generally Bennett I*, 2024 WL 3925297; *Bennett II*, ECF No. 10.

## V.  **CONCLUSION**

Accordingly, this action is DISMISSED with prejudice and without leave to amend.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (reiterating that dismissal without leave to amend is proper when amendment would be futile).  The Clerk of Court is directed to close the case file. Further, for these same reasons, the court certifies that any appeal that Plaintiff might take from this dismissal would be frivolous, i.e., would not be "taken in good faith." Fed. R. App. P. 24(a)(3)(A); *see also Bennett II*, 2024 WL 4694084, at *2 (certifying appeal in *Bennett II* as frivolous under 28 U.S.C. § 1915(a)(3)).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 8, 2024.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Bennett v. Scouting Am. Aloha Council #104, et al.*, Civ. No. 24-00409 JMS-RT, Order (1) Granting Application to Proceed In Forma Pauperis, ECF No. 2, and (2) Dismissing Complaint, ECF No. 1, with Prejudice